Matthias, J.,
 

 dissenting. I cannot join in the reversal of the judgment of the Court of Appeals. In my opinion, that court was correct in its conclusion that the record does not warrant a finding that the failure to erect guard rails was a proximate cause of the accident, and its judgment should be affirmed.
 

 It is well settled that no liability arose at common •law against a county for damages resulting from negligence of county commissioners in the performance of their official duties. Such liability is the creature of legislative enactment. Though a statute should be so construed and applied as to carry into effect the evident purpose of its enactment, yet where such statute abrogates a common-law rule the liability thereby created should not be extended beyond the clear and plain meaning of the language employed.
 

 The negligence claimed, upon which liability was
 
 *153
 
 predicated in this case, was the violation of the provisions of Section 7563, General Code, requiring the erection of “one or more guard rails on each side of every approach to a county bridgé, viaduct or culvert if the approach or embankment is more than six feet high.” I.t is to be observed that the same statute requires the county commissioners to “protect, by suitable guard rails, all perpendicular wash banks more than eight feet in height,” with exceptions therein stated.
 

 Under the provisions of Section 7564, General Code, the erection and maintenance of a good stock-proof hedge fence shall be deemed a sufficient compliance with the statute, it being required only that “such guard rails or hedge fence shall be erected in a substantial manner, having sufficient strength to serve [as] a protection to life and property.” Thus it is seen that a protection to life and property consisting of guard rails or a hedge fence is required not at all bridge approaches or perpendicular wash banks, but only if the approach or embankment is more than six feet high or the perpendicular wash bank is more than eight feet high.
 

 It is difficult to see how a hedge fence would constitute any sort of warning of approach to a bridge. Indeed, this statute makes no provision for information by warning or otherwise that the roadway is an approach to a bridge. If there be such requirement, reason would suggest that it apply to all bridge approaches, whatever the height of the embankment. Guard rails, as is well known, are more frequently along wash banks and would therefore not be indicative of an approach to a bridge. It is significant that the statute contains no requirement that the guard rails be made discernible by being so painted as to constitute them an efficient warning.
 

 We must not lose sight of the fact that the injury complained of did not result from going over the bank
 
 *154
 
 of the approach where it is claimed guard rails should have been erected, but from striking the bridge. It is nowhere indicated that the automobile left the hard surface of the road or that the bank itself was an impending danger. The driver of the car, who was the husband of the plaintiff, states that upon applying his brakes when only twenty or thirty feet from the bridge, his car slid or skidded so that the right rear side of the automobile came in contact with the right post of the bridge. Reflecting illuminating signs on the bridge would probably have constituted proper warning, but a statute making such requirement has not been brought to our attention. In my opinion, this case presents one more instance where the courts are improperly importuned to invade the functions of the legislative branch of the government, and in this case creates a liability not contemplated by the statute now in effect.
 

 Zimmerman and Gorman, JJ., concur in the foregoing dissenting opinion.